IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-14155-KMM

ARTHUR MORAES, as Personal Representative
of the ESTATE OF MARIANGELA
WOYCENKO, deceased,

     Plaintiff,

v.

NEW HORIZONS OF THE TREASURE COAST,
INC., *et al.*,

     Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon Defendant New Horizons of the Treasure

Coast, Inc.'s Motion for Judgment on the Pleadings (ECF No. 100). No response was filed and

the time in which to do so has passed.[1] On August 1, 2013, Defendant filed a Notice of Filing

Proposed Order Granting New Horizons of the Treasure Coast's Motion for Judgment on the

Pleadings (ECF No. 107). UPON CONSIDERATION of the Motion, the pertinent portions of

the Record, and being otherwise fully advised in the premises, this Court enters the following

Order.

## I.    BACKGROUND

This is a wrongful death action brought by Plaintiff, as personal representative of the

estate of Mariangela Woycenko ("the Decedent"). See generally  Am. Compl. (ECF No. 45).

---

[1] Local Rule 7.1(C) provides, in relevant part: "Each party opposing a motion shall serve an opposing memorandum of law no later than fourteen days after service of the motion as computed in the Federal Rules of Civil Procedure. Failure to do so may be deemed sufficient cause for granting the motion by default."

Plaintiff is the son of the Decedent, who committed suicide in the St. Lucie County jail while she was a pretrial detainee. See id. at ¶¶ 7–8, 25, 50, 92. Plaintiff originally filed suit in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida. Notice of Removal (ECF No. 1), at 1. The suit was timely removed to this Court. Id. On December 3, 2012, Plaintiff filed the Amended Complaint, which alleges various civil rights violations and negligence claims against twelve defendants. See generally Am. Compl. Plaintiff brings suit against Defendant New Horizons of the Treasure Coast, Inc. ("New Horizons") for negligence under Florida law (Count VII). See id. at ¶¶ 134–137.

Plaintiff alleges the following relevant facts. On or about April 11, 2010, the Decedent experienced an outbreak of mental illness while in a hospital emergency room. Am. Compl., at ¶ 30. Port St. Lucie police subsequently involuntarily committed the Decedent to an inpatient facility, New Horizons, pursuant to the Florida Baker Act. Id. at ¶¶ 30–31. The Decedent refused to sign a consent for treatment or informed consent form. Id. at ¶ 32. The Decedent further indicated that she believed her roommate was trying to poison her and that the facility should not "send a killer to my room!" Id. at ¶¶ 33, 35. A registered nurse noted that the Decedent had delusions of persecution but did not exhibit homicidal or suicidal ideations. Id. at ¶ 34.

On April 12 at 2 p.m. the Decedent was first evaluated by Dr. Sureshchandra Desai ("Desai"). Id., at ¶ 37. Desai determined that the Decedent was not competent to provide informed consent for treatment and that she should remain admitted under the Baker Act. Id. at ¶¶ 38–39. Later that day at 5 p.m., Desai changed course and approved the Decedent's release as it was his impression that being in the facility would increase her paranoia. Id. at ¶ 41. An hour later, the Decedent was released into the custody of her eighteen-year-old son, the Plaintiff, with

a prescription for an anti-psychotic medication.  Id. at ¶ 43.  Plaintiff allowed the Decedent to drive and she immediately began driving extremely erratically and dangerously at high speeds. Id. at ¶ 44.  A bystander called 911 at Plaintiff's request.  Id.  The police arrived by the roadside and took the Decedent back into custody pursuant to the Baker Act.  Id. at ¶¶ 45–47.  By 6:30 p.m., the Decedent was en route to New Horizons when she attacked the police officers.  Id. at ¶¶ 47–49.  The Decedent was arrested and taken to jail for resisting with violence and battery on a law enforcement officer.  Id. at ¶ 50.  Once in jail, the Decedent was placed in the infirmary for observation.  Id. at ¶ 52.  The Decedent committed suicide in her cell the next day.  Id. at ¶¶ 79, 92.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), "after the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc., 404 F.3d 1297, 1303 (11th Cir. 2005) (citation omitted).  The standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss."  Doe v. Bd. of Cnty. Comm'rs, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992) (citing Miami Herald Pub. Co. v. Ferre, 636 F. Supp. 970, 974 (S.D. Fla. 1986)). Therefore, all facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party.  Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005).

## III.    ANALYSIS

New Horizons now moves for judgment on the pleadings, arguing that it owed no legal duty to the Decedent under Florida law.  Mot., at 3.  On May 13, 2013, this Court entered an

order granting Defendant Desai's Motion to Dismiss with Prejudice on the basis that Desai owed no duty to the Decedent under Florida law to foresee and prevent her suicide. See Order Granting Sureshchandra N. Desai's Motion to Dismiss, at 7 (ECF No. 97). Therein, this Court noted that Florida case law supports the proposition that psychiatrists cannot be held liable for the discharge of patients who later injure themselves while in the care of others. Id. at 5 (citing Tuten v. Fariborzian, 84 So.3d 1063, 1067 (Fla. Dist. Ct. App. 2012)). Defendant New Horizons now moves for judgment on the pleadings on the same grounds. Mot., at 3. Defendant argues, "Certainly, New Horizons cannot be held liable for Dr. Desai's treatment of the Decedent where this Court has ruled that Dr. Desai himself owed no duty to the Decedent." Id., at 4. This Court agrees.

Here, New Horizons, the psychiatric facility that employed Dr. Desai, had no duty to keep Defendant admitted. See Tuten, 84 So.3d at 1067 (holding that mental health facility had no common law duty to keep patient involuntarily committed); see also Paddock v. Chacko, 522 So.2d 410, 417 (Fla. Dist. Ct. App. 1988) (finding that a psychiatrist "had no duty to take the plaintiff into his custody to prevent her from inflicting injury upon herself"). "[B]ecause the future behavior of a psychiatric patient is unknowable, under Florida law risk of harm is not foreseeable and therefore no duty exists . . . ." Tuten, 84 So.3d at 1068. Accordingly, Plaintiff has failed to allege facts that give rise to any cognizable legal duty owed by New Horizons to the Decedent under Florida law. Plaintiff's negligence action therefore must fail. New Horizons is entitled to judgment as a matter of law.

IV.     CONCLUSION

For the foregoing reasons, it is

4

ORDERED AND ADJUDGED that Defendant New Horizons of the Treasure Coast,

Inc.'s Motion for Judgment on the Pleadings (ECF No. 100) is hereby GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this  15th   day of August,

2013.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE


cc:     All counsel of record